THE MLNARIK LAW GROUP, INC.
JOHN L. MLNARIK (SBN 257882)
ANGIE YC TONG (SBN 262317)
ELENA RIVKIN FRANZ (SBN 247387)
2930 Bowers Avenue
Santa Clara, California 95051
Telephone: (408) 919-0088
Facsimile: (408) 919-0188

Attorneys for Debtor
KATHARINA HARMON

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>KATHARINA HARMON,<br><br>Debtor. | Case No. 11-54401 ASW<br><br>Chapter 13<br><br>**OPPOSITION TO MOTION FOR ORDER TERMINATING AUTOMATIC STAY**<br><br>Date: July 1, 2011<br>Time: 2:00 p.m.<br>Judge: Arthur S. Weisbrodt<br>Courtroom: 3020 |

### DEBTOR'S OPPOSITION TO GOLDEN GATE GENERAL GROUP, LLC MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Katharina Harmon, the Debtor herein, opposes the motion of Creditor Golden Gate General Group, LLC ("Movant") for relief from stay on the grounds that title to the Property has not been perfected, Movant lacks standing to seek relief, acts done by Movant are void as they were done in violation of the automatic stay, equity in the property makes it necessary for this Debtor's reorganization, and certain equitable arguments.

## A. INTRODUCTION AND FACTUAL BACKGROUND

Katharina Harmon filed her petition for bankruptcy protection on May 6, 2011 at 3:15 p.m. Unbeknownst to her, on the same date at 1:15 p.m., the trustee sale of her home at 4436 Faulkner Drive, in Fremont, in the County of Alameda, ("the Property") took place. (See Dec. of Katharina Harmon, p. 2, lines 6-7.) On or about May 10, 2011, Michael Zhang, a representative for Movant, visited the Property and met Ms. Harmon's mother. Mr. Zhang stated that he was aware Ms. Harmon had filed for bankruptcy and stated that they must vacate the Property. (See Dec. of Karola Anderson, p. 2, lines 1-6.) Despite this, Mr. Zhang left a three-day notice to vacate the Property. (See Dec. of Karola Anderson, p. 2, lines 6-8.)

On or about June 7, 2011, over thirty one days after the trustee sale, Movant recorded the trustee's deed upon sale with the Alameda County Recorder's Office, without permission of this Court and in violation of the automatic stay. Although Movant's title to the Property may have been perfected had they recorded within 15 days, Movant does not hold valid title to the Property as its recording is void.

Without valid title and therefore no standing, Movant has now filed this Motion Requesting Relief From the Automatic Stay in order to continue with an unlawful detainer action against Ms. Harmon and the occupants of the home.

## B. LEGAL ARGUMENT

### I. Title To The Property Is Not Perfected As Movant Recorded Its Deed More Than 15 Days After the Sale

Pursuant to Section 2924h of the California Civil Code, a "trustee's sale is deemed perfected as of 8 a.m. on the actual date of sale **if the trustee's deed is recorded within 15 calendar days after the sale**[.]" (emphasis added.) The trustee sale allegedly took place on

May 6, 2011; the trustee's deed was recorded on June 7, 2011, over 31 days later. "If the foreclosure sale purchaser fails to record its deed within fifteen days of the sale, the perfection will not relate back to the date of the sale." *In Re Garner (1997) 208 B.R. 698, 701*. Recordation of the deed within fifteen days of the sale is critical to the outcome of a motion for relief under these circumstances. *Ibid at 701*. Without perfecting their interest in the Property, Movant lacks standing necessary to seek relief.

"Until the deed from a prepetition foreclosure sale is recorded, a debtor retains legal title to the property. If the debtor files bankruptcy immediately following the sale, the legal title accompanies the debtor into bankruptcy, and becomes property of the estate. Once included in the estate, legal title becomes subject to the protection of the Code, and any transfers in legal title may not transpire without complying with the Code provisions. *Davisson v. Engles (In re Engles),* 193 B.R. 23, 25 (Bankr. S.D. Cal. 1996).

Title to the Property has not been perfected. Movant's recording of the Trustee's Deed Upon Sale was done well after the 15-day statutory timeline for recording a deed and perfecting title after a trustee sale.

## II. <u>Acts Done in Violation of the Automatic Stay are Void</u>

The Ninth Circuit follows the majority view in holding that acts done in violation of the automatic stay are void. *In Re Wardrobe* (9th Cir. 2009) 559 F3d 932, 934. "Void" acts have no force or effect and cannot be cured or ratified. As a result, the debtor does not have to take any action to "undo" the act. *In Re Schwartz* (9th Cir. 1992) 954 F2d 569, 571.

Movant has committed two acts in violation of the automatic stay. First, with actual notice of the bankruptcy, on or about May 10, 2011, Movant posted a three-day notice to vacate the Property. Second, on or about June 7, 2011, Movant recorded the trustee's deed upon sale with the Alameda County Recorder's Office. Although actions taken to perfect a title interest

The Mlnarik Law Group, Inc.
2930 Bowers Avenue
Santa Clara, CA 95051
Telephone (408) 919-0088 Facsimile (408) 919-0188

within the first fifteen days after a trustee's sale are not considered to be violations of the stay, actions taken sixteen days and beyond are. Civ. Code §2924h. Movant waited for over one month from the time of purchase to record their title interest. During this month, they received notice of the bankruptcy both from Ms. Harmon's mother, from counsel for Debtor and through independent research conducted by Movant. Clearly, Movant was well aware of the bankruptcy petition and automatic stay yet still took steps to post a three-day notice and record the trustee's deed upon sale beyond the statutory timeline allowed.

"[S]ection 362 contains certain exceptions to the bar of the automatic stay. One of those exceptions-- 11 U.S.C. § 362(b)(3)--relates to an act to perfect an interest in property that, pursuant to 11 U.S.C. § 546(b), would prevail over certain of the trustee's avoiding powers. Section 546(b) provides, in pertinent part, that a trustee's power to avoid an interest under section 544 is subordinate to "any generally applicable law that…permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection;.." This is just what the amended version of section 2924h(c) does **provided, that is, the purchaser records its deed within fifteen days of the sale.** *In re Garner*, 208 B.R. 698, 700-701 (Bankr. N.D. Cal. 1997) (emphasis in original). Conversely, recording after fifteen days of the sale, without leave of court, does violate the automatic stay.

Specific intent to violate the stay is not required. A violation of the automatic stay is "willful" if the defendant had actual knowledge of the automatic stay and defendant's acts were intentional. It need not be shown that defendant knew its acts constituted a violation of the stay. *Sternberg v. Johnston* (9th Cir. 2010) 595 F3d 937, 945; *In re Pace* (9th Cir. 1995) 67 F3d 187, 191. Although Movant may plead ignorance of what constitutes a violation of the automatic stay, Movant was well aware of the bankruptcy action, took intentional steps to provide a three-day notice, and to record their trustee's deed upon sale. "Once a creditor knows that the

The Mlnarik Law Group, Inc.
2930 Bowers Avenue
Santa Clara, CA 95051
Telephone (408) 919-0088  Facsimile (408) 919-0188

automatic stay exists, the creditor bears the risk of all intentional acts that violate the automatic stay regardless of whether the creditor means to violate the automatic stay." *In re Campion* (9th Cir. BAP 2003) 294 BR 313, 318. Even without written notice, Movant had constructive knowledge based on conversations with the debtor's mother, counsel for the debtor, and independent research performed by Movant. "Informal" notice, including oral notice, constitutes notice sufficient for a finding of willfulness. *In re Abrams (*9th Cir. BAP 1991) 127 BR 239, 240-44.

Movant's violation of the automatic stay renders both the three-day notice it posted on May 7, 2011 and the recording of the trustee's deed upon sale void. Movant's must take steps to cancel the recorded trustee's deed upon sale. This Court should also award sanctions in the form of attorneys' fees and costs for Movant's willful violation of the automatic stay.

In support of debtor's request for punitive sanctions, on or about June 14, 2011, Movant received notice that their actions were done in violation of the stay and that debtor would seek sanctions in the form of attorneys' fees and costs if this motion was not taken off calendar. Movant's refusal to voluntarily withdraw this motion also supports punitive sanctions.

The Court must award actual damages, including costs and attorney fees to any individual injured by a willful violation of the automatic stay. Damages for willful violation of stay allow recovery of actual damages, which includes costs and attorney fees, and may result in a punitive damages award. 11 U.S.C. Sec. 362(k).

If the court is not inclined to award Debtor the fees and expenses of opposing this Motion, Debtor is prepared to bring a separate motion for violation of the automatic stay against Movant.

**III.    The Property is Necessary for the Debtor's Reorganization**

Movant's request for relief from the automatic stay cannot be granted because even if there is value in debtor's title to the property. Debtor has equity in the property and it is necessary for effective reorganization. At the time of filing, as Movant had not perfected their security interest in the Property, debtor held bare legal title which is of value to the estate. Bare legal title may be of great value to the bankruptcy estate if it enables the trustee to avoid the unperfected transfer of the real property. For example, in *In re Williams,* 124 B.R. 311 (Bankr. C.D. 1991)--a case decided before the amendment of section 2924h(c) of the California Civil Code--a chapter 7 debtor, exercising the trustee's avoiding powers pursuant to 11 U.S.C. § 522(h), was permitted to avoid such a transfer under then applicable law. *In re Stork,* 212 B.R. 970, 971-972 (Bankr. N.D. Cal. 1997). As debtor has numerous claims against the original lender and selling beneficiary, Bank of America, and is prepared to file an adversary proceeding for a declaration of rights and to set-aside the trustee's sale, debtor's interest and equity in the Property must be protected as property of the estate.

### IV. A Post-Petition Property Transfer May be Avoided Pursuant to 11 U.S.C. Sec. 549(a)

"While acceptance of the highest bid may complete a foreclosure sale, in California it is recordation of the sale, rather than its consummation, that perfects the transfer of the property against avoidance by a trustee in bankruptcy. The conclusion to be drawn from this authority is that, while acceptance of the highest bid may complete a foreclosure sale, it is recordation of the sale, rather than its consummation, that perfects the transfer of the property against avoidance by a trustee in bankruptcy." *In re Duncombe,* 143 B.R. 243, 246 (Bankr. C.D. Cal. 1992). As Movant's delayed recording of the trustee's deed upon sale in violation of the automatic stay is void, title has still not been perfected. Further, as debtor recorded a notice of their bankruptcy filing on June 8, 2011 before a valid recording of the trustee's deed upon sale, the trustee's deed

may be avoided pursuant to 11 U.S.C. Sec. 549(a). See Docket No. 18, Notice of Pendency of Action.

### V. Failure to Include Post-Petition Account Statement Will Allow the Imposition of Sanctions

Movant's Motion for Relief From Stay contends that neither debtor or any occupants are paying payments to reside in the property. (Motion For Relief From Stay, p.2, lines 7-11). On or about June 13, 2011, Debtor made a payment to Bank of America, original lien holder pursuant to its request for post-petition payments. (See Declaration of Katharina Harmon, p. 2, lines 20-21.) Movant's contentions do not provide for the inclusion of an account statement and declaration attesting to the statement's accuracy as required by BKR 4001-1(g). Movant's counsel received notice of its failure to provide an account statement and declaration supporting its contentions on or about June 14, 2011, yet has failed to take any steps to file an amendment and/or withdraw their Motion. (See Declaration of Elena Rivkin Franz, p. 2, line 5- p. 3, line 12.) Pursuant to BKR 4001-1(g)(3), the Court may impose monetary or nonmonetary remedies as appropriate.

### VI. Equitable Arguments Support Denying Motion for Relief From Stay

The Property holds substantial equity and has been in Debtor's family for many years. In fact, Debtor's mother lives in the Property now. Prior to the foreclosure sales date, Debtor was told by Bank of America's agents and employees that the foreclosure sale was stalled and would not proceed on May 6, 2011; Debtor detrimentally relied on these statements by Bank of America agents. Debtor had an active loan modification pending at the time of the alleged trustee sale, and did not receive a determination on her request until June 2, 2011. Pursuant to Bank of America's response to her request, she had through July 2, 2011 to appeal the June 2, 2011 denial of her modification request. (See Dec. of Katharina Harmon, p. 2, lines 15-18.)

Debtor has a claim against Bank of America for these violations, including breach of contract, breach of duty of good faith and fair dealing, and related claims, and may bring an adversary proceeding against Bank of America to set-aside the sale.

### **III. CONCLUSION**

Based upon the foregoing, Debtor respectfully requests that:

1. This Court DENY Movant's Motion for Relief From Stay.
2. This Court award sanctions in the form of attorneys' fees and costs for Movant's willful violation of the automatic stay.
3. This Court award punitive sanctions against Movant for willful violation of the automatic stay after official knowledge.
4. This Court award sanctions against Movant for failure to include an account statement and declaration supporting its contentions that Debtor has not made any post-petition account statements.

Dated: June 17, 2011

THE MLNARIK LAW GROUP, INC.

/s/ John L. Mlnarik
JOHN L. MLNARIK
Attorney for Debtor

The Mlnarik Law Group, Inc.
2930 Bowers Avenue
Santa Clara, CA 95051
Telephone (408) 919-0088 Facsimile (408) 919-0188