**THE ESTLE LAW FIRM**
12520 High Bluff Drive, Suite 265
San Diego, California 92130
Telephone (858) 720-0890
Facsimile (858) 720-0092

Mark D. Estle (CA Bar No. 135004)

Attorney for Respondent
USAA FEDERAL SAVINGS BANK

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>KATHARINA HARMON,<br><br>Debtor(s). | Case No. 11-54401-ASW<br>Chapter 13<br><br>OPPOSITION TO DEBTOR'S MOTION FOR DAMAGES FOR VIOLATION OF AUTOMATIC STAY<br><br>Date: October 4, 2011<br>Time: 1:45 pm<br>Courtroom: 3020 |

TO: THE HONORABLE ARTHUR S. WEISSBRODT UNITED STATES BANKRUPTCY COURT JUDGE; TO THE CHAPTER 13 TRUSTEE, AND TO THE DEBTOR:

USAA FEDERAL SAVINGS BANK ("USAA") opposes Debtor's Motion for Damages for Violation of Automatic Stay on the following grounds:

## I.
## STATEMENT OF FACTS

1. On or about November 17, 2007, Douglas L. Harmon ("Harmon") made and delivered to USAA the Agreement in the principal sum of $50,000.00 plus interest, which sum was to be paid in monthly installments according to a schedule, and continuing until the

1

Agreement is fully paid.  The Agreement concerns the following personal property collateral: 2008 Honda CRV, VIN: JHLRE487X8C021467 (the "Collateral").  A true and correct copy of the Agreement is attached hereto as Exhibit A and to the Declaration of Carrie Allan to be filed herein.

2. As evidenced by the Agreement, Debtor is not a party thereto.

3. On or about September 3, 2011, due to Harmon's non-payment and defaults under the Agreement, USAA placed the Collateral to be repossessed.

4. On or about September 7, 2011, USAA received notice from Debtor's counsel that the member on the loan, Harmon, had filed for bankruptcy protection.  USAA searched PACER records for Harmon's Social Security Number; however, no such bankruptcy petition could be located.

5. Subsequently, USAA spoke with Debtor's counsel, who advised it that it was in fact Harmon's wife, unknown to USAA, who had filed for Bankruptcy protection.

6. On or about September 9, 2011, USAA returned the Collateral to Harmon.

## II.

## ARGUMENT

**A. Debtor Has Failed to Provide Evidence of a Violation of the Automatic Stay**.

7. Debtor's Motion claims that USAA "willfully violated the automatic stay by repossessing debtor's 2008 Honda CR-V..."  However, the Motion fails to provide any evidence that the automatic stay was in fact violated by the repossession.  There are no facts alleged to show what interest, if any, the Debtor and the Estate have in the subject loan and Collateral.  As stated above, the Collateral was purchased by Harmon alone and the Debtor is *not* a party to the Agreement.

8. Debtor fails to provide evidence of or even assert that the Collateral is Community Property (assuming this is her position).  A review of Debtor's own schedules, made under oath, fail to identify the Collateral as being Community Property.  Schedule B indicates the Collateral is Joint Property, Schedule D indicates the subject loan belongs to Harmon alone,

and while Debtor's Schedule H lists Harmon as a Co-Debtor, USAA is not listed as one of his creditors. True and correct copies of the relevant pages of Debtor's Schedules are attached hereto as Exhibit B and to the Declaration of Carrie Allan to be filed herein.

9. Based on Debtor's failure to establish that the automatic stay applied to USAA, Debtor cannot claim damages for any such purported violation.

**B. Even If Debtor Had Established A Violation of the Automatic Stay, the Circumstances of This Case Do Not Warrant the Award of Damages Against USAA.**

10. Pursuant to 11 U.S.C. §362(k), a debtor who is injured by any "willful violation" of the automatic stay is entitled to recover actual damages. Courts have held that willful violation "does not require a specific intent to violate the automatic stay. Rather, 11 U.S.C. §362(k) provides for damages upon finding that the creditor knew of the automatic stay and that the creditor's actions which violated the automatic stay were intentional. Sternberg v. Johnston, 595 F.3d 937, 945 (9th Cir. 2010); See Also In re Pinkstaff, 974 F.2d 113, 115 (9th Cir. 1992). However, where a creditor's actions occur before the creditor has knowledge of the automatic stay, such violations do not warrant an award of damages under 11 U.S.C. §362(k). In re Herbert, 1998 Bankr. LEXIS 617 (9th Cir. BAP 1998).

11. As indicated in the supporting declaration of Carrie Allan to be filed herein, USAA has no record of receiving notice of Debtor's Bankruptcy filing until Debtor's counsel first contacted USAA on September 7, 2011. Even if it had received notice previously, USAA would have had no way of identifying Debtor's Bankruptcy as one related to the subject loan or the Collateral. Thus, it was not until Debtor's counsel contacted USAA, following the repossession, that it received actual notice that a pending Bankruptcy may affect the Collateral. Upon discovering this fact, the Collateral was returned within two (2) days time.

**C. Attorney's Fees and Costs Associated With Filing the Instant Motion are Not Recoverable.**

12. Debtor's Motion makes a claim for attorney's fees and costs. Debtor claims that

3

1  counsel for Debtor "responded to telephone messages and e-mails over the weekend and came in
2  to work on a holiday to meet with Debtor and prepare the necessary paperwork to file the instant
3  motion on the holiday itself."

4      13.    Debtor's Motion was in fact *not* filed on the holiday itself, as Debtor's Motion
5  claims. The Motion was filed at 4:55 p.m. on September 6, 2011, the first working day
6  following the holiday weekend.

7      14.    Further, the Ninth Circuit limits recovery under 11 U.S.C. §362(k) to fees and
8  costs incurred in *enforcing* the automatic stay and *remedying* the purported stay violation. Any
9  fees and costs incurred in an action for damages stemming from a violation of the automatic stay
10  are *not* recoverable. Sternberg v. Johnston 595 F.3d 937, 945 (9th Cir. 2010).

11      15.    In the instant case, Debtor's motion clearly seeks only damages. No mention of
12  remedying the purported stay violation is made. Further, such a claim is unnecessary as
13  evidenced herein, since USAA has already returned the Collateral to Harmon.

**D.    Debtor Has Failed to Allege and Prove Emotional Distress Damages**

16.    Emotional distress damages are awardable as "actual damages" under 11 U.S.C. §362(k) where the individual (i) suffers significant harm; (ii) clearly establishes significant harm; and (iii) demonstrates a causal connection between the harm suffered and the automatic stay violation. In re Dawson, 390 F.3d 1139, 1149 (9th Cir. 2004). Here, as set forth above, Debtor has failed to prove a willful violation of the automatic stay, which would entitle her to recover actual damages. Further, Debtor has failed to show significant or long term harm as a result of her unsubstantiated claim that the automatic stay was violated.

**E.    Debtor Has Failed to Meet Her Burden of Proof to Substantiate a Claim for Punitive Damages.**

17.    Debtor's Motion requests punitive damages "in an amount sufficient to deter USAA from continuing a policy in violation of the Code..."

18.    Debtor has failed to provide any evidence that USAA was stayed at all, much less

4

1  that it *willfullly* violated the automatic stay.  Further, Debtor has failed to assert any facts that
2  show USAA's conduct was malicious, wanton or oppressive as is required to recover punitive
3  damages.  See <u>In re Ramirez</u>, 183 BR 583, 590 (9th Cir. BAP 1995).

4      19.    Further, Debtor has provided no evidence of actual damages.  Debtor's
5 Supporting Declaration makes only a vague reference to having "had plans for the Labor Day
6 holiday weekend but cancell[ing] them..."  An 11 U.S.C. §362(k) punitive damages award must
7 be proportional or reasonably related to the actual damages.  As there are no identifiable actual
8 damages, Debtor is not entitled to punitive damages either.

## III.

## CONCLUSION

20.    Debtor's Motion fails to establish that a stay existed against USAA and the Collateral.  As such, the Debtor has no claim for violations of the automatic stay against USAA.  Furthermore, the circumstances of the case do not warrant damages, since USAA returned the Collateral immediately upon discovering even the possibility of a violation of the automatic stay.  Accordingly, USAA respectfully requests that the Court deny Debtor's Motion for Damages for Violation of Automatic Stay and refrain from awarding damages in this matter.

THE ESTLE LAW FIRM

Dated: September 29, 2011     By: /s/ Mark D. Estle
MARK D. ESTLE, Attorney
for Secured Creditor
USAA FEDERAL SAVINGS BANK