THE MLNARIK LAW GROUP, INC.
JOHN L. MLNARIK (SBN 257882)
ANGIE YC TONG (SBN 262317)
ELENA RIVKIN FRANZ (SBN 247387)
JAMES J. STEINLE (SBN 237291)
2930 Bowers Avenue
Santa Clara, CA 95051
Telephone: (408) 919-0088
Facsimile: (408) 919-0188

# U.S. BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>KATHARINA HARMON<br><br>DEBTOR. | Case No.: 11-54401 ASW<br><br>Chapter 13<br><br>**REPLY TO OPPOSITION OF DEBTOR'S MOTION FOR DAMAGES FOR VIOLATION OF AUTOMATIC STAY**<br><br>Date: October 4, 2011<br>Time: 1:45 p.m.<br>Court: 280 South First St.<br>Courtroom 3020<br>San Jose, CA 95113 |

Katharina Harmon, debtor herein, files her reply to USAA's late filed Opposition to Debtor's Motion for Damages for Violation of Stay. Debtor requests leave to file a late filed Reply due to USAA's untimely filing of its Opposition. Debtor has not received service of USAA's Opposition but received electronic notice on the evening of September 29, 2011 through ECF and obtained a copy of the filing on the morning of September 30, 2011, 4 days before the hearing on Debtor's motion.

### I. Objection to USAA's late filed Opposition

Debtor hereby objects to USAA's Opposition as being untimely pursuant to BLR 9014-1(c)(1). Pursuant to local rules governing the submission of Opposition papers USAA's

REPLY TO OPPOSITION ON MOTION [1] In Re Katharina Harmon, Debtor
FOR VIOLATION OF AUTOMATIC STAY Case No. 11-54401 ASW

Opposition was required to be filed and served no later than 14 days before the scheduled hearing date. USAA's opposition was filed on September 29, 2011, a mere five days before the hearing. Debtor has been prejudiced by USAA's violation of BLR 9014-1(c)(1) in that Debtor has been denied there required seven (7) day period in which to prepare her Reply. Debtor requests that the Court strike USAA's Opposition in its entirety.

Additionally the Opposition indicates that a declaration of Carrie Allan and exhibits A and B would be filed along with the Opposition (Opposition ¶ 1). Debtor has not been served with any of these documents. If any of these documents have been filed then Debtor requests that they be struck from the record; Debtor further objects to any use of them by USAA at the hearing on Debtor's motion.

## II. USAA's opposition attempts to mislead the Court by failing to disclose facts known to it.

In paragraphs 1 through 5 of the Opposition USAA asserts certain facts in an attempt to persuade the Court that it has not performed a willful violation of the automatic stay provisions of 11 USC §362. Chief among these statements is their assertion that USAA received notice of Debtor's bankruptcy petition on September 7, 2011, four days after the violation occurred. Implicit in USAA's statement is that they assert this to be the first time they received notice of Debtor's bankruptcy petition and thus they could not have possibly committed a knowing violation of the automatic stay.

USAA's assertion is intentionally misleading in that they fail to state the four (4) other times that they received Notice of Debtor's bankruptcy petition, including personal notice to their contracted repossession agent on the day of the repossession. (See Decl. of Katharina Harmon ¶¶ 2, 5) USAA has known about Debtor's bankruptcy petition and its impact on their claim months prior to their repossession of Debtor's vehicle.

/ / /

REPLY TO OPPOSITION ON MOTION [2] In Re Katharina Harmon, Debtor
FOR VIOLATION OF AUTOMATIC STAY Case No. 11-54401-ASW

Additionally, USAA's ¶ paragraph 1 misstates the original sum USAA lent to Debtor and her Husband as being $50,000, the true amount was $31,366.54. (See USAA's Claim 3 page 5 filed on 9/26/2011) Of the original sum only $15,569.90 remained due at the time the petition was filed, according to USAA's claim 3 the vehicle had equity in it of $7280.10. (See USAA's Claim 3 filed on 9/26/2011)

### III. The subject vehicle is community property under California law and is thus property of the bankruptcy estate subject to the automatic stay.

In the Opposition USAA consistently attempts to obscure the facts by claiming that Debtor was not a party to the loan Agreement secured to the vehicle and thus the automatic stay provisions of 11 USC §362 do not apply. 11 USCS § 541 includes in debtor's estate all of debtor's community and all of debtor's separate property, whether or not property is exempt; all of community property in which debtor had interest is included in property of estate, even interest of nondebtor spouse. <u>In re Hendrick</u> (1985, BC MD La) 45 BR 965. In order for community property to qualify as property of the estate it must either be "(a) under the sole, equal or, or joint management and control of the debtor; or (b) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent such interest is so liable." (11 USCS §541(a)(2))

Debtor's name is listed on the title for the vehicle as being a co-owner and Debtor had joint control and use of the vehicle. (See USAA's Claim 3 page 6 filed on 9/26/2011) This satisfied the requirements of 11 USCS §541(a)(2)(A) and caused the vehicle to be property of the bankruptcy estate covered by the automatic stay provisions of 11 USC §362. USAA had possession of a copy of the title to the vehicle as evidenced by their attachment of the title to their claim three and thus had notice of Debtor's interest in the vehicle.

USAA has admitted that the vehicle is property of the bankruptcy estate by their filing of a creditor's claim against the estate on September 26, 2011. Any attempt by USAA to

REPLY TO OPPOSITION ON MOTION FOR VIOLATION OF AUTOMATIC STAY [3] In Re Katharina Harmon, Debtor Case No. 11-54401-ASW

assert that the vehicle was not subject to the automatic stay is clearly a self serving attempt to avoid liability for their violation.

### IV. USAA correctly cites the standard for liability under 11 USC 362(k) but misapplies the standard to themselves.

USAA is correct when it states that the standard for a "willful violation" subjecting them to actual and punitive damages does not require a specific intent to violate the automatic stay. A violation of automatic stay is "willful if the action is deliberately taken with knowledge that debtor has filed petition in bankruptcy; conduct is deliberate if it is intentional, but conduct need not be taken with intent to violate stay for violation to be willful." In re Cain (2001, BC DC Wyo) 272 BR 304. The standard is merely that the court find that USAA "knew of the automatic stay and that their actions done in violation were intentional." Sternberg v. Johnston, 595 F.3d 937, 945 (9th Cir. 2010).

As evidenced by their possession of the title to the vehicle USAA was aware of Debtor's interest in the vehicle prior to their violation of the automatic stay on September 3, 2011. The declarations of Debtor and Debtor's counsel clearly show that Debtor notified USAA of her bankruptcy filing on four (4) separate occasions, the final occasion being when she provided USAA's repossession agent with a copy of her Notice of Bankruptcy filing immediately before he repossessed the vehicle. After being provided notice of Debtor's bankruptcy petition a simple review of her petition would have shown that debtor scheduled USAA as a repayment creditor for the debt secured to the vehicle in her Ch 13 plan. Having actual and constructive knowledge of Debtor's community interest in the vehicle USAA directed their agent to proceed with the repossession. USAA was aware of all of the facts necessary for it to determine that the vehicle was covered by the automatic stay provisions of 11 USC §362, despite this knowledge USAA directed its repossession agent to violate the stay.

REPLY TO OPPOSITION ON MOTION [4] In Re Katharina Harmon, Debtor
FOR VIOLATION OF AUTOMATIC STAY Case No. 11-54401-ASW

## V. Attorney fees and costs are awardable under 11 USC 362 (k)(1) and under the Court's inherent Civil Contempt Authority.

USAA contends that Debtor is not entitled to recover her attorney fees and costs arising from their violation of the automatic stay because they allege that Debtor's actions were solely for recover of damages. As authority USAA cites the recent holding in <u>Sternberg v. Johnston</u> 595 F.3d 937, 945 (9th Cir. 2010) which limited awardable attorney fees and costs under 11 USC §362(k)(1) to those fees incurred in remedying the purported stay violation. USAA's analysis ignores the obvious facts that Debtor's attorney fees would not have been incurred but for their violation, fees were incurred in preparing this motion to remedy the violation as well as in the numerous attempts to have USAA return the vehicle and that USAA did not return the vehicle until after being served with this motion. (See certificate of service re motion, Docket #45) Even were USAA to be correct in their analysis of the impact of <u>Sternberg v. Johnston</u> 11 USC §362(k) still entitles Debtor to recover all of her fees and costs up to the point where USAA returned the vehicle to her.

The Court should note that the actual holding under Sternberg was amended by the addition of a footnote specifying that the holding was limited to attorney fee awards under 11 USC §362(k) and that the Court was not limiting the award of fees under its inherent civil contempt authority or its authority under 11 USC §105. The Court may award attorney fees and costs necessary to pursue Debtor's damages claims under both its inherent authority and 11 USC §105. (See <u>In re Dyer</u>, 322 F.3d 1178, 1189 (9th Cir. 2003)) Debtor's damages are: she suffered the loss of her vehicle, emotional trauma from the public repossession, personal discord when her mother reacted to the repossession by telling her that she wished she was dead, as well as thousands of dollars in unnecessary attorney fees incurred in forcing USAA to return that which they had wrongfully taken.

USAA's position if adopted by the Court would allow a creditor to intentionally

The Minarik Law Group, Inc.
2930 Bowers Avenue
Santa Clara, CA 95051
TELEPHONE (408) 919-0088
FACSIMILE (408) 919-0188

violate the automatic stay and avoid any penalty for their violation simply by correcting their violation prior to a Debtor's motion being decided. Any Debtor would then have to choose between incurring substantial legal fees without recompense or simply giving in to the creditor and allowing their violation of the automatic stay.

## **CONCLUSION**

USAA's opposition misstates the facts known to USAA in an attempt to paint themselves as innocent infringers. The truth of the matter is that USAA either knew that they were violating the stay and chose to proceed anyway, or they intentionally failed to identify the vehicle with Debtor and Debtor's bankruptcy petition.

The result of USAA's violation was that the Debtor suffered severe emotional distress, the loss of use of her vehicle and thousands of dollars in attorney fees expended to recover the wrongfully repossessed vehicle. These damages are compensable under 11 USC §362(k), 11 USC §105 and the Court's inherent authority to enforce its orders through the imposition of sanctions.

Dated: September 30, 2011            THE MLNARIK LAW GROUP, INC.


/s/ John L. Mlnarik
JOHN L. MLNARIK
Attorneys for Debtor